**CLD-007**                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2030
_____

CHARLES JEROME JORDAN,
Appellant

v.

J. BARVES, Lieutenant FCI-Schuylkill; J. PUMPHREY, Lieutenant FCI-Schuylkill;
LT. BARDO; LT. BARRETT; UNIT MANAGER RAUP; EGER, CMC FCI-Schuylkill;
WARDEN SAGE, Old Warden; WARDEN RICKARD; AMY BONCHER, Regional
Director; COLETTE PETERS, BOP Director Washington DC; UNITED STATES

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Action No. 4:24-cv-00356)
Magistrate Judge: Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 10, 2024

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: October 25, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Charles Jerome Jordan, a federal prisoner proceeding in forma pauperis, appeals from the District Court's judgment in favor of the defendants in this Bivens action. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Because the appeal does not present a substantial question, we will summarily affirm.

I.

Jordan filed a complaint against ten federal officials and the United States, alleging that the defendants failed to adhere to Federal Bureau of Prisons ("BOP") regulations during Jordan's prison disciplinary proceedings. Jordan alleged that he was never given an Administrative Detention Order, which should have explained that he was placed in the Special Housing Unit pending an investigation by the Special Investigative Services into Jordan's violations of prison rules and policies. Jordan primarily alleged that the failure to follow BOP policy violated his Fifth Amendment right to due process.[1] He further alleged that the defendants violated his First Amendment rights by retaliating against him. Jordan also alleged that the defendants violated his First and Fifth Amendment rights by denying him access to the courts.

---

[1] Jordan also cited the Fourteenth Amendment for this claim, but we treat his "claim as relying only on the Due Process Clause of the Fifth Amendment inasmuch as the Fourteenth Amendment applies only to acts under color of state law whereas the Fifth Amendment applies to actions of the federal government." B & G Const. Co. v. Dir., Off. of Workers' Comp. Programs, 662 F.3d 233, 246 n.14 (3d Cir. 2011).

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it with prejudice for failure to state a claim. The District Court relied on several alternative grounds for dismissal, including that Jordan's claims would represent an unwarranted extension of Bivens, that Jordan failed to allege a sufficient liberty interest for his due process claims, and that the claims were barred by the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). The District Court also determined that Jordan failed to state a claim under the Federal Tort Claims Act ("FTCA") because he alleged only constitutional violations. Jordan then filed a motion for reconsideration on the grounds that he lost good time credits, and that such loss could constitute a sufficient liberty interest for his due process claims. The District Court denied the motion, explaining that Jordan's due process claims still failed under the alternative grounds for dismissal. This timely appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. See Fed. R. App. P. 4(a)(1)(B)(i); Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.19 (3d Cir. 2012). We exercise plenary review of the District Court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In our review, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citation omitted). "We generally review the District Court's denial of

3

reconsideration for abuse of discretion." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm a district court's order on any basis supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

### III.

We agree with the District Court's conclusion that Jordan's claims are not viable under Bivens. His First Amendment retaliation claim is foreclosed by Egbert v. Boule, 596 U.S. 482, 498–99 (2022), and his remaining claims fail under the reasoning of Egbert. As this Court recently explained in applying Egbert, Bivens actions are cognizable only when the claim presented is "indistinguishable" from a previously-recognized Bivens context. Fisher v. Hollingsworth, 115 F.4th 197, 205 (3d Cir. 2024). Because no prior Supreme Court case has recognized a Bivens remedy for an alleged due process violation in prison disciplinary proceedings, or for an alleged First or Fifth Amendment violation of the right to access the courts, Jordan's claims are not cognizable under Bivens. See Fisher, 115 F.4th at 205; see also Egbert, 596 U.S. at 498–99.

Even if the due process and access-to-courts Bivens claims were cognizable, they fail for alternative reasons articulated by the District Court. Specifically, Jordan's motion for reconsideration made clear that the alleged liberty interest at stake in his disciplinary proceedings was the loss of good time credits. Thus, his due process claims are barred by

4

Heck. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (under Heck, prisoners may not raise claims that "necessarily imply the invalidity of the deprivation of . . . good-time credits"). Jordan has therefore not alleged that the underlying due process claims he sought to pursue were "nonfrivolous" or "arguable," and his access-to-courts claim fails as a result. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). We also agree with the District Court's determination that Jordan alleged only constitutional violations. He thus failed to state any tort law claim cognizable under the FTCA. See generally Lomando v. United States, 667 F.3d 363, 372 (3d Cir. 2011).

Finally, the District Court did not abuse its discretion when it denied Jordan's motion for reconsideration, which sought reconsideration of only the due process claims related to the prison disciplinary proceedings. Jordan failed to provide any reason to disturb the District Court's conclusion that those claims are not viable under Bivens, and that even if they were viable, the claims would be barred by Heck.

Accordingly, we will affirm the judgment of the District Court.